UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KELVIN FORTENBERRY,**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICE OF THE LEGAL ADVISOR,**<br><br>Defendant. | 2:25-CV-11323-TGB-CI<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS**<br>**(ECF NOS. 12, 13, & 15),**<br><br>**ADOPTING REPORT AND RECOMMENDATION**<br>**(ECF NO. 11),**<br><br>**GRANTING DEFENDANT'S MOTION TO DISMISS**<br>**(ECF NO. 2),**<br><br>**AND DENYING PLAINTIFF'S MOTION FOR INJUNCTION AND DISCOVERY AS MOOT**<br>**(ECF NOS. 5 & 6)** |

    Plaintiff Kelvin Fortenberry, proceeding pro se, sued the Office of the Legal Advisor, a federal agency, in state court for failing to approve his application for a passport, alleging claims for due process violation and breach of contract, seeking money damages and injunctive relief. ECF No.1, PageID.7. The Department of State[1] removed the lawsuit to

---

[1] The Department of State responded in the stead of the Office of the Legal Advisor without explaining the reasons for acting as the defendant. The Magistrate Judge noted that, as Plaintiff did not challenge this apparent change in defendant and the name in the caption has no bearing

federal court under 28 U.S.C. § 1442 and moved for dismissal for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). ECF Nos. 1 & 2. Plaintiff subsequently filed a Motion for immediate approval of his passport (ECF No. 5) and a Motion to compel discovery (ECF No. 6).

On September 4, 2025, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation (ECF No. 11) recommending that Defendant's Motion to Dismiss (ECF No. 2) be granted and Plaintiff's pending motions (ECF Nos. 5 & 6) be denied as moot. Plaintiff filed objections to Magistrate Judge Ivy's Report on September 18, 2025 (ECF No. 12), September 22, 2025 (ECF No. 13), and October 7, 2025 (ECF No. 15), which Defendant responded to (ECF No. 14).

For the following reasons, the Report and Recommendation of the Magistrate Judge will be **ACCEPTED** (ECF No. 11), Fortenberry's objections will be **OVERRULED** (ECF Nos. 12, 13, & 15), Defendant's Motion to dismiss will be **GRANTED** (ECF No. 2), Plaintiff's pending Motions will be **DENIED** as **MOOT** (ECF Nos. 5 & 6), and the case will be **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

In 2022, Plaintiff applied for a passport. His passport application was denied because the Department of Health and Human Services

---

on the legal issues presented, the Court need not further address who the proper defendant is.

certified that he owed child support, as notified by a state agency. ECF No. 11, PageID.98. The Department of State may not issue passports to individuals who owe unpaid child support. *See* Dep't of State Ltrs., ECF No. 1, PageID.14 (citing 22 C.F.R. § 51.60(a)). The federal agency gave Plaintiff 90 days to contact the relevant state child support agency to resolve the issue. *Id.* After Plaintiff failed to do so, the agency denied his passport application. *Id.* at PageID.16.

In 2025, Fortenberry filed this suit in state court against the agency and the agency removed the case to federal court under 28 U.S.C. § 1442 and moved to dismiss for lack of jurisdiction. ECF Nos. 1 & 2. The Magistrate Judge recommended that this case be dismissed for lack of subject matter jurisdiction because Plaintiff initially filed suit in a court that lacked jurisdiction, therefore, under the doctrine of derivative jurisdiction, this Court lacked jurisdiction upon removal. ECF No. 11. Plaintiff objected to the Magistrate Judge's Report and Recommendation.

## II. LEGAL STANDARD

This Court must review de novo the parts of a Magistrate Judge's Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C). But the Court "need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452 (N.D. Ohio 2012) (*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (noting that

3

failure to object waives further review of a district court's adoption of the Report and Recommendation).

### III. DISCUSSION

Plaintiff filed two objections to the dismissal, one on the jurisdictional basis and one on the denial of Plaintiff's motion to compel further discovery. ECF No. 12.

### A. First Objection: Improper Use of 28 U.S.C. § 1442

Plaintiff objects that the Magistrate Judge improperly relied upon 28 U.S.C. § 1442 to dismiss the case for lack of subject-matter jurisdiction. Plaintiff's objection is two-fold.

First, he argues that because he does not state claims against an individual federal officer, § 1442 does not apply. While Plaintiff cites to *Mesa v. California*, which involved individual federal officers, rather than an agency, the case does not mean § 1442 can only be used when the defendants are individual federal officers. 489 U.S. 121, 136 (1989). To the contrary, § 1442(a)(1) provides that "[a] civil action . . . that is commenced in a State court and that is against . . . the United States or *any agency* thereof or any officer . . . may be removed by them to [federal] court." (emphasis added). Because Plaintiff sued a federal agency in state court, removal was proper under § 1442(a)(1).

To the extent Plaintiff argues the Magistrate Judge improperly applied the derivative jurisdiction doctrine to dismiss the case, that objection is also overruled. The doctrine of derivative jurisdiction

4

stipulates that when a case is removed under § 1442, a "federal court cannot acquire jurisdiction that the state court did not possess." *Warren v. Soc. Sec. Admin.*, 2025 WL 268409, at *4 (N.D. Ohio Jan. 22, 2025); *Fed. Home Loan Mortg. Corp. v. Gilbert*, 656 F. App'x 45, 49 (6th Cir. 2016) (citation omitted) ("[A] federal district court does not acquire subject matter jurisdiction by removal if the state court lacked jurisdiction over the original action.").[2] The derivative jurisdiction doctrine applies even if the federal court would have had jurisdiction if the plaintiff filed there originally. *Cornell v. Soc. Sec. Admin.*, No. 1:23-CV-00416, 2023 WL 3276251, at *1 (N.D. Ohio May 5, 2023) (citing *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981)). Here, the Magistrate Judge found that the state court lacked subject-matter jurisdiction over the claims in Plaintiff's complaint. ECF No. 11, PageID.102-05. In his objections, Plaintiff does not identify any basis for the state court's jurisdiction over his suit or offer any authority indicating that a plaintiff can establish subject-matter jurisdiction in federal court

---

[2] While the Sixth Circuit "has neither approved nor disapproved of that practice," "[m]ost circuits hold . . . that [the derivative jurisdiction doctrine] still applies to cases removed under Section 1442." *Cornell v. Soc. Sec. Admin.*, 2023 WL 3276251, *2 (N.D. Ohio May 5, 2023); *see, e.g.*, *Palmer v. City Nat. Bank, of West Virginia*, 498 F.3d 236, 246 (4th Cir. 2007) (noting that Congress, in its statutory language, expressly abrogated derivative jurisdiction for removals effectuated under § 1441, but did not do so for cases removed under § 1442).

5

when a suit lacking jurisdiction in state court is removed to federal court under § 1442.

Second, Plaintiff argues that the derivative jurisdiction doctrine should not apply because it is contrary to principles of judicial efficiency and fairness as it "grant[s] immunity from constitutional scrutiny" and "strip[s] the court of its obligation to address violations of due process." ECF No. 12, PageID.109. Those are general objections, not specifically identifying a factual or legal error by the Magistrate Judge. In any event, although the law mandates dismissal of Plaintiff's claims under the derivative jurisdiction doctrine, "[t]he application of the derivative-jurisdiction doctrine … does not bar … a separate proceeding against the federal defendants in an appropriate forum." *Palmer v. City Nat. Bank, of West Virginia*, 498 F.3d 236, 248 (4th Cir. 2007) (rejecting argument that the derivative jurisdiction doctrine violates due process); *see also* Fed. R. Civ. P. 41(b) (stating that a dismissal for lack of jurisdiction does not operate as an adjudication on the merits). Without deciding whether the Court would have had subject-matter jurisdiction had the suit been filed in federal court originally, this dismissal does not prevent Plaintiff from pursuing his claim provided that he can articulate a valid claim against the Defendant in the appropriate forum.[3]

---

[3] Even assuming a federal court could hear the case, Plaintiff would still face significant legal challenges and may wish to consult with the Federal Pro Se Legal Assistance Clinic of the University of Detroit Mercy School

Therefore, the Magistrate Judge properly applied the derivative jurisdiction doctrine to dismiss the case. Plaintiff's objections are overruled.

### B. Second Objection: Improper Denial of Motion to Compel Discovery

Plaintiff filed motions for discovery and to compel the issuance of his passport. ECF Nos. 5 & 6. After the Magistrate Judge concluded that the federal court lacked jurisdiction over the case, these remaining motions became moot because a court without jurisdiction has no authority to consider the parties' claims or motions. Plaintiff argues that the Magistrate Judge improperly denied his motion to compel discovery because the denial *in and of itself* violates due process. This is also a general objection to the Report and Recommendation. In any event, the Magistrate Judge was required to deny the motion as moot because the

---

of Law, which may be reached at (313) 234-2690. For instance, federal law grants the Department of State immunity from any claims arising from its refusal to issue a passport based on the Department of Health and Human Services' certification that an individual owes child support. 42 U.S.C. § 652(k)(3) ("The Secretary and the Secretary of State shall not be liable to an individual for any action with respect to a certification by a State agency under this section."). The Michigan Office of Child Support is the State agency that sends the certification of the arrears to the federal government. Since the state certifies the amount owed in child support arrearage to determine passport eligibility, much of the federal agency discretion is removed because their action depends entirely on the state's certification. Plaintiff may be able to seek counsel from the clinic as well on his claims pertaining to the child support agency's certification.

Court does not have jurisdiction to hear the case, as explained above, let alone order discovery. Thus, Plaintiff's second objection is also overruled.

### C. Miscellaneous Objections

The Report and Recommendation ordered Plaintiff to label each objection as "Objection No. 1," "Objection No. 2," etc. ECF No. 11, PageID.106. Plaintiff only labeled two objections in that manner, which have been discussed above. Nonetheless, it appears Plaintiff made some additional objections without labeling them as such.

For instance, Plaintiff objects to the fact that the Magistrate Judge did not "enforce[e] the consequences of Defendant's default." ECF No. 12. This argument fails for two reasons: first, this is a new argument that Plaintiff could have raised earlier, because the alleged failure to respond is dated September 2024, and in any event, Defendant in this case never defaulted.

Finally, to the extent Plaintiff reiterates arguments against Defendant that do not specifically challenge the Report and Recommendation, the Court need not address them. General objections to a Magistrate Judge's determination "without explaining the source of the error" have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general objections "waste judicial resources rather than sav[e] them," because they "effectively duplicate[ ]" the "functions of the district court . . as both the magistrate and the district court perform

8

identical tasks"); *see also Vasconez v. Langston Companies, Inc.*, 2021 WL 3124959, at *1 (W.D. Tenn. July 23, 2021) ("[W]here a party's objections are simply a repetition of the arguments he or she made to the magistrate judge, a *de novo* review is not warranted.").

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Objections (ECF No. 12, 13, & 15) are **OVERRULED**, that Magistrate Judge Ivy's September 4, 2025 Report and Recommendation (ECF No. 11) is **ACCEPTED** and **ADOPTED**, that Defendants' Motion to Dismiss (ECF No. 2) is **GRANTED**, and Plaintiff's pending motions (ECF No. 5 & 6) are **DENIED** as **MOOT**. It is **FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

Dated: November 17, 2025        /s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE